IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS SEVIER )
 )
 v. ) NO. 3:13-1450
 )
ARTS & ENTERTAINMENT NETWORK, et al. )

TO: Honorable Aleta A. Trauger, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered March 7, 2014 (Docket Entry No. 25), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

On December 23, 2013, the pro se plaintiff filed a 92 page civil complaint against the Arts & Entertainment Network, GLAAD, the Hearst Corporation, Walt Disney/Disney ABC - Television Group, Wilson Cruz, and Barack Obama. See Docket Entry No. 1. The plaintiff's application to proceed in forma pauperis was denied, see Orders entered February 10, 2014 (Docket Entry No. 15), and February 14, 2014 (Docket Entry No. 21), and he paid the filing fee on February 25, 2014. See Docket Entry No. 24.

By Order entered May 28, 2014 (Docket Entry No. 28), the Court denied the plaintiff's motion (Docket Entry No. 7) to consolidate this action with actions 3:13-0607 and 3:13-1159, advised the

plaintiff that he is responsible for effecting service of process upon the defendants, and directed the Clerk to sign summons the plaintiff had provided and return them to the plaintiff for his use. Summons were issued by the Clerk on May 27, 2014. See Docket Entry No. 31. By Order entered May 30, 2014 (Docket Entry No. 33), the Court denied the plaintiff's motion (Docket Entry No. 30) for a temporary stay in this action because of his involvement in numerous other lawsuits.

Although the plaintiff has filed three "notices" with the Court regarding the status of his several lawsuits, see Docket Entry Nos. 34-36, the docket in this action does not show that process has ever been served upon the Defendants. Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendants be served with process within 120 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice. There is no indication that the Defendants have been served within 120 days of the Court's May 28, 2014, Order, advising the plaintiff of his responsibility to serve process upon the Defendants. The plaintiff's request for a stay in this action was denied and his participation and/or interest in other litigation does not constitute good cause for extending the time for him to serve the Defendants. In light of the lack of service upon the Defendants and the lack of good cause for the plaintiff's failure to serve the Defendants, dismissal of the action is warranted.[1]

---

[1] This Report and Recommendation provides notice to the plaintiff of the Court's intention to sua sponte dismiss the action under Rule 4(m), and the fourteen day period for filing objections provides the plaintiff with the opportunity to show why the action should not be dismissed. The plaintiff has filed other lawsuits in this District and has a law degree. He is fully aware of his obligations under Rule 4(m).

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge